**Nos. 2024-2116, 24-2151**

# In the United States Court of Appeals For the Federal Circuit

MHL CUSTOM, INC.,
*Plaintiff - Cross-Appellant*

v.

WAYDOO USA, INC., SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD.,,
*Defendants - Appellants*

Appeal from the United States District Court for the District of Delaware
No. 21-cv-91, Hon. Richard G. Andrews

## MOTION FOR EXTENSION OF TIME TO FILE BRIEF

MORGAN, LEWIS & BOCKIUS LLP
Amy M. Dudash
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
(302) 574.7293

MORGAN, LEWIS & BOCKIUS LLP
Julie S. Goldemberg
John V. Gorman
2222 Market Street
Philadelphia, PA 19103
(215) 963-5000

*Counsel for Appellants*

# CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2024-2116, 24-2151 |
| **Short Case Caption** | *MHL Custom, Inc. v. Waydoo USA, Inc.* |
| **Filing Party/ Entity** | Appellants / Waydoo USA, Inc.; Shenzhen Waydoo Intelligence Technology Co., Ltd. |

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

                                           */s/ Julie S. Goldemberg*
                                           Julie S. Goldemberg
                                           *Counsel for Appellants Waydoo USA,*
                                           *Inc. and Shenzhen Waydoo Intelligence*
                                           *Technology Co., Ltd.*

                                           Dated: September 4, 2024

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if it are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Shenzhen Waydoo Intelligence Technology Co., Ltd. | | SZ DJI Technology Co. Ltd. (partial owner of Shenzhen Waydoo) |

1

|  |  | Joy Surf Ltd. (partial owner of Shenzhen Waydoo) |
|---|---|---|
| Waydoo USA, Inc. (dissolved) |  |  |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

| **Richards Layton & Finger:** | **Haug Partners:** |
|---|---|
| Dorronda R. Bordley | Edgar H. Haug |
| Kelly E. Farnan | Mark Basanta |
|  | Jason A. Kanter |
|  | Patrick Lavery |
|  | Robert E. Colletti |
|  | Roman A. Khasidov |

5. Related Cases. Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ Yes (file separate notice; *see* dkt. 10.)   ☐ No   ☐ N/A (amicus/movant)

6. Organizational Victims and Bankruptcy Cases. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable

In accordance with Federal Circuit Rule 26(b), Appellants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively, "Waydoo") respectfully move for a 60-day extension of the time within which they may file their brief. Counsel for Cross-Appellant MHL Custom, Inc. ("MHL") have advised that MHL does not oppose a shorter 14-day extension but does oppose the requested 60-day extension and, therefore, opposes this motion.

On July 22, 2024 and July 31, 2024, the above-captioned appeal and cross-appeal were respectively docketed. On July 31, 2024, the appeals were consolidated. Pursuant to Federal Circuit Rule 31(a)(1)(D), Waydoo's principal brief is currently due on or before September 20, 2024.

The parties have been involved in ongoing settlement negotiations, and on August 22, 2024, the parties reached an agreement in principle to settle this matter.

The same day as the agreement in principle, MHL offered to draft the settlement agreement but—despite Waydoo following up regularly (on August 27, August 29, September 3, and September 4)—MHL has not yet sent a draft of the agreement to Waydoo. MHL's counsel has represented to Waydoo's counsel that a settlement agreement draft is underway and will be provided by the end of the week.

Waydoo expects the settlement agreement to reflect the terms the parties have agreed to, and therefore, Waydoo does not anticipate the need to prepare and file an opening brief. However, with the current deadline of September 20, 2024, just

3

sixteen days away, Waydoo is concerned that it has not yet even seen the draft settlement agreement. To have a reasonable amount of time to finalize the settlement agreement (and, in the very unlikely circumstance that the parties cannot finalize the settlement, to prepare a brief), Waydoo respectfully requests that its briefing deadline be extended by 60 days to November 19, 2024.

MHL has informed Waydoo that it opposes the motion because it believes 14 days of extension is sufficient for the parties to finalize the settlement. But MHL has offered no explanation as to why it has taken almost two weeks (and counting) for MHL to provide Waydoo with the draft settlement agreement. And while a 14-day extension may provide sufficient time to sign the settlement agreement, it is not sufficient time for Waydoo's counsel to prepare a full appellate brief based on a lengthy record (that includes a jury trial) if the parties are unable to finalize the settlement agreement. MHL's counsel also did not provide Waydoo's counsel with requested materials for the joint appendix until September 4, 2024, which delayed undersigned's counsel's ability to progress with the briefing. Thus, there is good cause for the 60-day extension.

Finally, as set forth in the accompanying declaration of counsel, there is additional good cause for a 60-day extension, as the existing briefing schedule conflicts with professional obligations of Waydoo's counsel.

Waydoo has not previously sought an extension of time for filing a brief. Waydoo respectfully requests that this motion be granted.

| | |
|---|---|
| Dated: September 4, 2024 | Respectfully submitted, |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | By: */s/ Julie S. Goldemberg* |
| MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Amy M. Dudash | John V. Gorman |
| 1201 N. Market Street, Suite 2201 | Julie S. Goldemberg |
| Wilmington, DE 19801 | 2222 Market Street |
| (302) 574.7293 | Philadelphia, PA 19103 |
| | (215) 963-5000 |

***Counsel for Appellants Waydoo USA, Inc.***
***and Shenzhen Waydoo Intelligence Technology Co., Ltd.***

# Nos. 2024-2116, 24-2151

# In the United States Court of Appeals For the Federal Circuit

**MHL CUSTOM, INC.,**
*Plaintiff - Cross-Appellant*

v.

**WAYDOO USA, INC., SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD.,,**
*Defendants - Appellants*

Appeal from the United States District Court for the District of Delaware
No. 21-cv-91, Hon. Richard G. Andrews

# DECLARATION OF JULIE S. GOLDEMBERG IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE BRIEF

1. I am a partner at Morgan, Lewis & Bockius LLP and counsel to Appellants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively, "Waydoo") in this appeal. I am submitting this declaration of counsel in support of Appellants' motion for a 60-day extension of time to file its brief.

2. On July 22, 2024 and July 31, 2024, the appeals were docketed.

3. On July 31, 2024, the appeals were consolidated. No. 24-2116 is the lead case, with No. 24-2151 as the cross-appeal.

4. Pursuant to Federal Circuit Rule 31(a)(1)(D), Waydoo's principal brief is currently due on or before September 20, 2024.

5. Waydoo respectfully requests that this deadline be extended by 60 days to November 19, 2024.

6. Waydoo has not previously sought an extension of time for filing a brief.

7. The parties have been involved in ongoing settlement negotiations, and on August 22, 2024, the parties reached an agreement in principle to settle this matter.

8. Following the agreement, MHL offered the same day to draft the settlement agreement but—despite Waydoo following up regularly (on August 27, August 29, September 3, and September 4)—to date MHL has not sent a draft of the agreement to Waydoo.

9. MHL's counsel has informed Waydoo's counsel that a settlement agreement draft is underway and will be provided by the end of the week.

10. MHL has offered no explanation as to why it has taken almost two weeks (and counting) for MHL to provide Waydoo with the draft settlement agreement.

11. To have a reasonable amount of time to review the settlement agreement and determine whether to move forward with this appeal, Waydoo respectfully requests that its briefing deadline be extended by 60 days to November 19, 2024.

12. MHL's counsel also did not provide Waydoo's counsel with requested materials for the joint appendix until September 4, 2024, which delayed undersigned's counsel's ability to progress with the briefing.

13. The additional time is also requested to accommodate the professional obligations of Waydoo's counsel. Those obligations collectively include:

- Preparation of the reply brief in *In re Xencor*, No. 24-01870 (Fed. Cir.). The reply brief is due on September 25, 2024.

- Preparation of the appellee brief in *Zebra Tech. v. Lone Star*, Nos. 2024-1731, 2024-1732, 2024-1733, 2024-1734 (Fed. Cir.). The appellee brief is due October 11, 2024, after one extension.

- Preparations of oppositions to two motions to dismiss in *JP Morgan Chase v. Argus et al*., No. 24-cv-00348-SB (D. Del.). The oppositions are due September 20, 2024.

- Preparations of motions for summary judgment in *Nippon Shinyaku Co. Ltd. v. Sarepta Therapeutics, Inc*., No. 1:21-cv-01015-JLH (D. Del.). The summary judgment motions are expected to be filed by early October.

14. Pursuant to Federal Circuit Rule 27(a)(2), on August 29, 2024, Counsel for Waydoo contacted counsel for MHL to ask whether MHL opposes this motion. Counsel for MHL stated MHL does not oppose a 14-day extension but will oppose this motion because it requests a 60-day extension.

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

|  |  |
|---|---|
| Dated: September 4, 2024 | Respectfully submitted, |
|  | MORGAN, LEWIS & BOCKIUS LLP |
|  | By:   */s/ Julie S. Goldemberg* |
| MORGAN, LEWIS & BOCKIUS LLP<br>Amy M. Dudash<br>1201 N. Market Street, Suite 2201<br>Wilmington, DE 19801<br>(302) 574.7293 | MORGAN, LEWIS & BOCKIUS LLP<br>John V. Gorman<br>Julie S. Goldemberg<br>2222 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000 |

*Counsel for Appellants Waydoo USA, Inc.*
*and Shenzhen Waydoo Intelligence Technology Co., Ltd.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this motion complies with the type-volume limitation of Circuit Rule 27(d).

1. Exclusive of the accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B) and the exempted portions of the motion as provided by Fed. R. App. P. 27(d)(2) and 32(f), the motion contains 491 words.

2. The motion has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6). As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

*/s/ Julie S. Goldemberg*
Julie S. Goldemberg
*Counsel for Appellants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd.*

Dated: September 4, 2024