# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## MHL CUSTOM, INC.,

*Plaintiff/Appellee/Cross-Appellant*

v.

## WAYDOO USA, INC., SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD,

*Defendants/Appellants/Cross-Appellees*

Appeal from the United States District Court for the District of Delaware; Case No. 1:21-CV-00091, Hon. Richard G. Andrews

## APPELLEE'S OPPOSITION TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE BRIEF

Robert J. Theuerkauf
Dennis D. Murrell
Brian P. McGraw
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, #201
Louisville, KY 40207
rjt@grayice.com
dmurrell@grayice.com
bmcgraw@grayice.com

*Counsel for Appellee MHL Custom, Inc.*

**Dated: September 5, 2024**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | 2024-2116, 2024-2151 |
| **Short Case Caption** | MHL Custom, Inc. v. Waydoo USA, Inc. |
| **Filing Party/Entity** | Appellee/Cross Appellant MHL Custom, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/05/2024

Signature: s/Brian McGraw

Name: Brian McGraw

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| MHL Custom, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable                ☐   Additional pages attached

| | | |
|---|---|---|
| Blake Bennett | Andrew Ralli | Cooch & Taylor, PA |
| Megan Gibson | Gray Ice Higdon, PLLC | |
| Daniel W. Redding | Middleton Reutlinger, PSC | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; ⬚ see Dkt 10 ⬚ )   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable                ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## APPELLEE'S OPPOSITION TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE BRIEF

Appellee/Cross Appellant, MHL Custom, Inc. ("MHL"), hereby opposes the motion for a 60-day extension of the briefing deadlines filed by Appellants, Waydoo USA Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively, "Waydoo") (DN 12).

MHL does not object to a reasonable extension of the briefing deadline to accommodate Waydoo's counsel's schedule – which is why MHL agreed to a 14-day extension. However, under the circumstances, the requested 60-day extension is simply not reasonable and will unduly delay these proceedings even further, and likely prejudice MHL, should the parties not settle. MHL also disagrees with some of the characterizations made in Waydoo's Motion, including primarily the statement made by Waydoo that the parties have reached an agreement in principle to settle this matter.

The fundamental issue MHL takes with a 60-day extension in this case is that Waydoo has already unilaterally delayed these proceedings for nearly *12 months* from the original filing. Waydoo filed their initial Notice of Appeal from the jury's finding of infringement on *October 5, 2023* – the initial appeal was docketed in this Court on October 12, 2023. *See* Case No. 2024-1036. Approximately 4 months later, on February 9, 2024, Waydoo filed a motion to dismiss its own appeal because, according to Waydoo, the appeal was mistakenly filed before this Court had proper

jurisdiction to hear the appeal. *See* Motion to Dismiss filed in Case No. 2024-1036, DN 27. This Court granted that Motion to Dismiss on April 30, 2024, and the case went back to the District Court. Waydoo then initiated the present appeal in July of 2024, with the appeal and cross-appeal being docketed on July 22, 2024 and July 31, 2024, respectively. If the present extension request is granted, Waydoo would be filing its initial appellate brief *over a year* after it first filed its appeal. Waydoo's procedural failures have resulted in delaying these proceedings for far too long. Further delays are not warranted.

MHL agrees that the parties are seemingly close to settlement. However, an agreement in principle has *not* yet been reached and will not be reached until the parties execute a final settlement and license agreement. Indeed, the last communication from MHL to Waydoo on the subject simply indicated that the final terms proposed by Waydoo "look[ed] good" and that MHL would run the terms by its legal department and begin working on a draft license agreement. Since that communication, MHL has been diligently working on drafting both a license agreement and settlement agreement. While certain material terms have been discussed and agreed upon between the parties, it remains to be seen whether all material terms have been and will be agreed upon. The possibility of settlement does not justify further delays in the appeal process.

Waydoo takes issue with the amount of time it has taken MHL to provide drafts of the agreements but a two-week "delay" in getting draft documents is not unusual.  As Waydoo indicated in its Motion, MHL expects to have drafts of those documents for Waydoo's review as soon as possible and likely by the end of this week.  This should not affect Waydoo's ability to complete briefing prior to the 14-day extension MHL agreed to.  Waydoo also takes issue with the timing of MHL's response to certain requests related to the appendix.  However, MHL indicated it had no documents to add to the initial list of appendix documents supplied by Waydoo and, within *4 days* of the request, MHL supplied copies of the sealed documents requested by counsel.  This hardly reflects a delay warranting a 60-day extension.

With that said, MHL is sympathetic to Waydoo counsel's upcoming work schedule (as articulated in the supporting Declaration).  However, a 60-day extension is excessive in light of Waydoo's delays in these appeals to date.  This is especially true in light of the fact that Waydoo's counsel's law firm has over 2000 attorneys on its staff – many of which who are well-qualified to assist lead counsel in preparing the brief. Extending the deadline by two weeks should give the parties ample time to finalize settlement while giving Waydoo a full month from this filing to simultaneously work on its initial brief.

For these reasons, MHL opposes Waydoo's request for a 60-day extension but has no issue with granting a reasonable extension of 14 days.

Dated: September 5, 2024

Respectfully submitted,

*s/Brian McGraw*

_____

Robert J. Theuerkauf
Dennis D. Murrell
Brian P. McGraw
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, #201
Louisville, KY 40207
rjt@grayice.com
dmurrell@grayice.com
bmcgraw@grayice.com

*Counsel for Appellee MHL Custom, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*s/Brian McGraw*

_____

ATTORNEY FOR APPELLEE
MHL CUSTOM, INC.


## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies

that this motion complies with the type-volume limitation of Circuit Rule 27(d).

1. Exclusive of the accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B) and the exempted portions of the motion as provided by Fed. R. App. P. 27(d)(2) and 32(f), the motion contains 726 words.

2. The response has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6). As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.


*s/Brian McGraw*

_____

ATTORNEY FOR APPELLEE
MHL CUSTOM, INC.