# Nos. 2024-2116, 24-2151

# In the United States Court of Appeals
# For the Federal Circuit

**MHL CUSTOM, INC.,**
*Plaintiff - Cross-Appellant*

v.

**WAYDOO USA, INC., SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD.,**
*Defendants - Appellants*

Appeal from the United States District Court for the District of Delaware
No. 21-cv-91, Hon. Richard G. Andrews

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE BRIEF

MORGAN, LEWIS & BOCKIUS LLP
Amy M. Dudash
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
(302) 574-7293

MORGAN, LEWIS & BOCKIUS LLP
Julie S. Goldemberg
John V. Gorman
2222 Market Street
Philadelphia, PA 19103
(215) 963-5000

*Counsel for Appellants*

MHL's opposition quibbles with Waydoo's use of the phrase "agreement in principle," but MHL admits that it informed Waydoo that Waydoo's offer of settlement terms "look[ed] good" and "that MHL would run the terms by its legal department and begin working on a draft license agreement." Dkt. 13 at 2. That is precisely what Waydoo meant to convey by "agreement in principle." *See, e.g.*, *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 815 (7th Cir. 1987) (defining "[t]he commercial practice of describing intermediate steps as parties work towards an agreement as 'agreements in principle'").

Given the fact the parties have agreed to the key financial terms of a settlement, Waydoo sees no reason to expend the tremendous resources for its outside counsel to review the lengthy trial record and draft an appellate brief. Yet MHL is proposing that Waydoo do just that while Waydoo continues to wait for MHL to create and edit the agreement.

MHL claims the settlement process should not delay "Waydoo's ability to complete briefing," Dkt. 13 at 3, but MHL misses the point: without a sixty-day extension, its attorneys will need to begin briefing immediately to make the October 4, 2024 deadline that MHL suggests. Waydoo understandably does not want to needlessly incur these expenses as it waits to review the settlement agreement MHL is drafting.

MHL claims "Waydoo has already unilaterally delayed these proceedings for nearly 12 months from the original filing." Dkt. 13 at 1. Not so. This Court held that the original judgment was "non-final" and dismissed the appeal so the district court could properly enter final judgment. Appeal No. 2024-1036 at Dkt. 30. After entry of final judgment, this proper appeal then followed and has proceeded in the ordinary course. There has been no delay—much less "unilateral" delay by Waydoo—after entry of final judgment.

Finally, MHL contends that any extension will "likely prejudice MHL," Dkt. 13 at 1, but MHL offers no explanation why.

However, without an extension, Waydoo risks significant prejudice. If Waydoo prepares a brief and the appeal settles—which Waydoo expects it will—Waydoo will have needlessly incurred significant cost for an expensive brief. If Waydoo does not prepare a brief and the case does not settle, Waydoo's outside counsel will have insufficient time to prepare a brief.

Particularly given the likelihood of settlement (in light of MHL's representations that the terms were acceptable), Waydoo should not be forced to be prepare an unnecessary brief, and MHL should not be permitted to use Waydoo's upcoming briefing deadline to exert pressure in any negotiations over the final terms. Waydoo has also reasonably relied on MHL's representations that Waydoo's

settlement offer was acceptable, and it should not be punished for that reliance while it continues to wait for a draft agreement from MHL.

Independently, counsel's upcoming work schedule justifies this Court granting the routine extension request. MHL suggests any of the other 2,000 lawyers at the undersigned counsel's firm could handle this appeal. Dkt. 13 at 4. Lawyers are, of course, not fungible, and Waydoo is entitled to its choice of counsel, not merely its choice of firm. For other attorneys to assume primary responsibility for this appeal on short notice would require more time to prepare a brief, not less.

For the foregoing reasons, Waydoo respectfully requests the Court grant Waydoo's motion for a sixty-day briefing extension.

| | |
|---|---|
| Dated: September 12, 2024 | Respectfully submitted, |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | By:  */s/ Julie S. Goldemberg* |
| MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Amy M. Dudash | John V. Gorman |
| 1201 N. Market Street, Suite 2201 | Julie S. Goldemberg |
| Wilmington, DE 19801 | 2222 Market Street |
| (302) 574-7293 | Philadelphia, PA 19103 |
| | (215) 963-5000 |

*Counsel for Appellants Waydoo USA, Inc.
and Shenzhen Waydoo Intelligence Technology Co., Ltd.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this reply complies with the type-volume limitation of Rule 27(d)(2).

1. Exclusive of the accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B) and the exempted portions of the reply as provided by Fed. R. App. P. 27(d)(2) and 32(f), the reply contains 559 words.

2. The reply has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6). As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

*/s/ Julie S. Goldemberg*
Julie S. Goldemberg
*Counsel for Appellants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd.*

Dated: September 12, 2024